# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-41325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTINO HERNANDEZ-AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-694-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Faustino Hernandez-Aguilar (Hernandez) appeals following his guilty plea conviction for being an alien present in the United States after having been deported. The district court sentenced Hernandez to 57 months of imprisonment and three years of supervised release.

Hernandez argues that the district court's imposition of a three-year term of supervised release resulted in a procedurally and substantively unreasonable sentence. His argument is based on U.S.S.G. § 5D1.1(c) and the accompanying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commentary, which became effective November 1, 2011.  Because he failed to raise his claims in the district court, our review is limited to plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012).  To show plain error, Hernandez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

In *Dominguez-Alvarado* this court held, on plain error review, that notwithstanding the recent addition of the provisions of § 5D1.1(c), a "departure analysis" is not triggered where the district court imposes a term of supervised release that is within the statutory and guidelines range for the offense of conviction. 695 F.3d at 329.  The supervised release term imposed in Hernandez's case was within the statutory and guidelines range for his offense of conviction; therefore, it did not trigger a "departure analysis."  *See id.* Hernandez's contention that the district court was required to give notice of, and an explanation for, the supervised release term thus fails.  Moreover, as in *Dominguez-Alvarado*, the district court made a determination that supervised release was merited based on Hernandez's high risk of recidivism and his violent criminal history.  Finally, because the supervised release term was presumptively reasonable, we infer that the district court considered all pertinent sentencing considerations in imposing the sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Hernandez also argues that the district court committed reversible plain error by convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2), rather than § 1326(b)(1), because he does not have a qualifying aggravated felony conviction.  He argues that his 2010 aggravated assault conviction does not qualify as an aggravated felony conviction for purposes of § 1326(b)(2) because he was sentenced only to eight years' deferred-

adjudication probation for the offense, which does not meet the one-year threshold required for an offense to be qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

The Government concedes that Hernandez does not have a conviction that meets the definition of an aggravated felony that would have supported his conviction under § 1326(b)(2). Hernandez is not entitled to be resentenced, however, because he has not shown that the error affected the outcome in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). Nevertheless, we REMAND the case to the district court for reformation of the judgment.