# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

Lyle W. Cayce
Clerk

No. 12-40433
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL OLIVAREZ-CHAVEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1954-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Olivarez-Chavez was convicted by guilty plea for being found in the United States after a previous deportation, and was sentenced to 60 months' imprisonment and three years' supervised release. In challenging the supervised release in the light of recent amendments to Guideline § 5D1.1(c) (supervised release ordinarily not necessary for deportable alien), Olivarez contends his sentence is both procedurally and substantively unreasonable because the district court: did not explain its imposition of the supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release; did not give notice of its intent to depart from the applicable advisory Guidelines sentencing range by imposing it; and did not properly account for the Guidelines' recommending no supervised-release term be imposed.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because Olivarez failed to present his contentions in district court, review is only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012) (use of "ordinary" in Guideline § 5D1.1(c) considered "hortatory not mandatory"; imposing supervised release within statutory and advisory Guideline sentencing range does not trigger departure analysis). To show reversible plain error, Olivarez must show, *inter alia*, a forfeited error that is clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

Because the imposed three-year term of supervised release was within Olivarez' statutory and advisory Guidelines sentencing range, the supervised-release term was not a departure. *E.g.*, *Dominguez-Alvarado*, 695 F.3d at 329. When addressing the overall sentence, the district court noted Olivarez' criminal history and the need for deterrence. It also stated it was imposing the supervised release due to Olivarez' criminal history. In the light of these comments, the district court appropriately exercised the discretion it enjoys under Guideline § 5D1.1(c) in determining Olivarez' sentence. *See id.*

AFFIRMED.