# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 2, 2013

Lyle W. Cayce
Clerk

No. 12-40051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO MORALES MARTINEZ, also known as Jose Luis Gonzalez Vargas,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1104-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Morales Martinez was convicted, by guilty plea, of illegal reentry by a deported alien and was sentenced to 41 months of imprisonment and three years of supervised release. On appeal, Morales Martinez challenges the district court's decision to impose a term of supervised release in light of the recent amendments to U.S.S.G. § 5D1.1(c). He contends that his sentence is unreasonable because the district court did not explain why

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it decided to impose a term of supervised release, did not give notice of its intent to depart from the applicable guidelines range by imposing a term of supervised release, and did not properly account for § 5D1.1(c)'s recommendation that no supervised release term be imposed.

Because Morales Martinez failed to present these claims to the district court, we review them for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). To establish plain error, a party must show a forfeited error that is clear or obvious and that affects the objector's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the objecting party makes such a showing, we have the discretion to correct the error, but we will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We conclude that Morales Martinez has not met this standard. As the three-year term of supervised release imposed by the district court was within the applicable statutory and guidelines range, the terms of supervised release assessed was not a departure. *See Dominguez-Alvarado*, 695 F.3d at 329. During Morales Martinez's multi-defendant sentencing hearing, counsel for another defendant noted that the amended guideline recommended that the court not impose a term of supervised release, to which the district court responded that it was nevertheless including a term of supervised release. When addressing Morales Martinez's sentence, the district court specifically noted his criminal history and the need for deterrence. In light of these remarks, Morales Martinez has not met the plain error standard with respect to his term of supervised release. *See id.*

AFFIRMED.