# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2013

Lyle W. Cayce
Clerk

No. 11-11202
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL HERNANDEZ, also known as Evan Hernandez, also known as Samuel Hernandez-Avitia, also known as Samuel Evan Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-109-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Samuel Hernandez was convicted of illegal reentry following deportation and was sentenced to serve an above-guidelines term of 24 months in prison. Additionally, the district court sentenced him to serve a one-year term of supervised release. In this appeal, Hernandez contends that the term of supervised release is a sentencing variance and that the district court did not give a sufficient explanation for its decision to impose a term of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.  As Hernandez acknowledges, his arguments are reviewed for plain error only because they were not presented to the district court.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

To establish plain error, one must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*  Hernandez has not met this standard.

Because the one-year term of supervised release imposed by the district court was within Hernandez's statutory and guidelines range, it was not a sentencing variance.  *See Dominguez-Alvarado*, 695 F.3d at 329; 18 U.S.C. § 3582(b)(2).  When considered as a whole, the district court's "particularized remark[s]" at sentencing show that it wished for the sentence imposed, including both the prison term and the supervised release term, to promote deterrence in light of Hernandez's history and characteristics.  *See Dominguez-Alvarado*, 695 F.3d at 329-30.  This desire justifies the imposition of a term of supervised release and results in a sentence that is not plainly erroneous.  *See id.*

AFFIRMED.