# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

Lyle W. Cayce
Clerk

No. 11-41414
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MORENO-REBOLLEDO, also known as Juan Moreno, also known as
Juan Moreno-Revoilla,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-915-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Moreno-Rebolledo was convicted of illegal
reentry into the United States and was sentenced to serve 46 months in prison
and a three-year term of supervised release. Moreno-Rebolledo challenges the
imposition of supervised release in light of the recent amendments to U.S.S.G.
§ 5D1.1(c). Moreno-Rebolledo asserts that this sentence is unreasonable because
the district court did not explain why it was imposing supervised release, did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

give notice of its intent to depart from the applicable guidelines range by doing so, and did not properly account for the Guideline's recommendation that supervised release not be imposed.

As Moreno-Rebolledo failed to make these arguments in the district court, we review them for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). To establish plain error, the party must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but we will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Moreno-Rebolledo has not met this standard. As the three-year term of supervised release imposed by the district court was within Moreno-Rebolledo's statutory and guidelines range, it is not a departure. *See Dominguez-Alvarado*, 695 F.3d at 329; 18 U.S.C. § 3582(b)(2). Thus the district court was not required to give notice of its intent to depart. *See Dominguez-Alvarado*, 695 F.3d at 329.

Although the district court did not specifically address its decision to impose a term of supervised release, its detailed remarks at sentencing evince its concern with the need for deterrence in light of Moreno-Rebolledo's history and characteristics. Given these remarks, Moreno-Rebolledo has not met the plain error standard with respect to his term of supervised release. *See Dominguez-Alvarado*, 695 F.3d at 329-30.

AFFIRMED.