# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2013

Lyle W. Cayce
Clerk

No. 12-40080
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALFONSO MARTINEZ VALLEJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1001-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Alfonso Martinez Vallejo (Martinez) appeals the sentence imposed following his guilty plea conviction for being an alien present in the United States after previously having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Martinez within the applicable guidelines range to 55 months of imprisonment and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez contends that the district court reversibly erred by imposing a term of supervised release in light of amended United States Sentencing Guidelines § 5D1.1(c), which became effective two months before he was sentenced. Section 5D1.1(c) provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Martinez argues that the district court plainly erred by failing to explain why it was imposing a term of supervised release notwithstanding the Guidelines' advice and by failing to give notice of its intent to depart from the Guidelines. He also argues that his sentence is substantively unreasonable because the district court did not consider or account for the recommendation in § 5D1.1(c), which he contends was a sentencing factor that should have received significant weight.

Because Martinez did not object to the imposition of a term of supervised release or to either the procedural or substantive reasonableness of his sentence in the district court, our review is limited to plain error. *United States v. Dominguez-Alvarado*, 695 F. 3d 324, 327 (5th Cir. 2012). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Martinez cannot show that the district court committed clear error in imposing a term of supervised release. Section 5D1.1(c)'s advice against imposing a term of supervised release is not mandatory. *Dominguez-Alvarado*, 695 F.3d at 329. Further, notwithstanding the recent addition of the provisions of § 5D1.1(c), a "departure analysis" is not triggered where the district court imposes a term of supervised release that is within the statutory and guidelines range for the offense of conviction, as in this case. *Id.* Thus, Martinez's

2

argument that the imposition of a term of supervised release was a departure for which the district court was required to give notice and provide explanation is unavailing. *See id.* Moreover, as in *Dominguez-Alvarado*, the record in this case reflects that the district court's explanation for the sentence it imposed was adequate under the circumstances to justify the imposition of a term of supervised release. The district court considered Martinez's history and circumstances as well as the need for the sentence to provide added deterrence.

As for Martinez's argument that the sentence was substantively unreasonable because the court failed to account for a factor that should have received significant weight, the district court noted in its Statement of Reasons that it adopted the presentence report, and it provided adequate reasons for the imposition of the term of supervised release. Moreover, because Martinez's three-year term of supervised release was within the statutory and guidelines range for the offense of conviction it is presumptively reasonable, and we therefore infer that the district court considered all pertinent sentencing considerations in imposing the sentence. *See Dominguez-Alvarado*, 695 F.3d at 329-30; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Martinez also argues that his offense level should have been reduced by an additional point for acceptance of responsibility under U.S.S.G. § 3E1.1(b) because the Government improperly refused to file the requisite motion for the reduction. He concedes, however, that this issue is foreclosed by *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.