# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2013

Lyle W. Cayce
Clerk

No. 11-41312
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL ISIDRO SANCHEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-809-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raul Isidro Sanchez-Hernandez (Sanchez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. For the first time on appeal, Sanchez argues that the sentence was procedurally and substantively unreasonable. He asserts that the sentence was procedurally unreasonable because the district court did not give a sufficient explanation for imposing a term of supervised release despite the admonition in U.S.S.G. § 5D1.1(c) that a term of supervised release should not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordinarily be imposed in a case such as the present case. He contends that the sentence was procedurally unreasonable because the district court's imposition of a term of supervised release was an upward departure from the guidelines sentence range made without the required pre-sentencing notice. He maintains that the sentence was substantively unreasonable because the district court did not give sufficient weight to the recommendation in § 5D1.1(c) that a term of supervised release not ordinarily be imposed in a case such as this case.

The Government argues that Sanchez invited the alleged error by agreeing with the district court that the guidelines range was one to three years of supervised release. However, the record does not reflect that Sanchez conceded that a term of supervised release should be imposed, but that he simply failed to object to a specific issue. Accordingly, we review Sanchez's claims for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). To establish plain error, one must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Our analysis shows that Sanchez has not met this standard. Because the three-year term of supervised release imposed by the district court was within the statutory and guidelines range, the supervised release term was not a departure. *See Dominguez-Alvarado*, 695 F.3d at 329. At sentencing, the district court explained that it was imposing a term of supervised release because of Sanchez's immigration history, because Sanchez was a danger to the public, and because Sanchez was a danger to the United States. In light of these remarks, Sanchez has not met the plain error standard with respect to his term of supervised release. *See id.*

AFFIRMED.