# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50033
c/w No. 12-50042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESIDERIO OROZCO-SANTOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-400-1
USDC No. 1:11-CR-553-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Desiderio Orozco-Santos (Orozco) appeals the sentence imposed upon his guilty plea to illegal reentry. See 8 U.S.C. § 1326. The district court sentenced him within the Sentencing Guidelines to 21 months of imprisonment, to be followed by three years of supervised release. The sentence was ordered to run consecutively to the 12-month sentence imposed, at the same sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing, upon revocation of Orozco's supervised release from a prior illegal reentry conviction and sentence. Orozco does not challenge the 12-month revocation sentence.

As of November 1, 2011, § 5D1.1(c) of the Guidelines provides that "ordinarily," the district court "should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." The commentary explains that the court "should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1, comment. (n.5).

Orozco argues that the district court erred in imposing a term of supervised release given that he is likely to be removed to Guatemala upon his release from imprisonment. Instead of simply relying on "the guidelines," as he did in the district court when he objected, Orozco cites on appeal the sentencing factors in § 3553(a), his inability to benefit from the rehabilitation aspect of supervised release, and the district court's alleged intent to punish him for a subsequent illegal reentry if he returns. The record does not reflect that the district court was alerted to those arguments or that it was able to respond specifically to those arguments. See United States v. Dominguez-Alvarado, 695 F.3d 324, 327-28 (5th Cir. 2012). Plain error review is therefore applicable. See id. However, even if it was not applicable, Orozco still could not prevail under the less stringent reasonableness review. See Gall v. United States, 552 U.S. 38, 51 (2007).

To show plain error, Orozco must show a forfeited error that is clear or obvious and that affects his substantial rights. See Puckett v. United States, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public

reputation of judicial proceedings. See id. Under the reasonableness standard, this court first reviews the procedural reasonableness of the sentence. Absent procedural errors, this court reviews the substantive reasonableness of the sentence under a deferential abuse of discretion standard, taking into account the totality of the circumstances. Gall, 552 U.S. at 51; United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

At the sentencing hearing, the district court noted that Orozco's criminal history began in 1992 with theft and revealed almost 20 years of being a thief. The district court noted further that the United States had been unable to prevent Orozco from coming back. In overruling defense counsel's objection to the supervised release term, the district court stated, "This is a classic case as to why supervised release needs to be maintained."

The district court's statements at sentencing adequately explained why supervised release would provide "an added measure of deterrence and protection." See Dominguez-Alvarado, 695 F.3d at 330. Accordingly, Orozco has not shown error, plain or otherwise. See id.

AFFIRMED.