# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 28, 2013

Lyle W. Cayce
Clerk

No. 12-40198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELMER ALEXANDER VELASQUEZ-SOSA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1228-1

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elmer Alexander Velasquez-Sosa (Velasquez) appeals the sentence imposed for his conviction for illegal reentry into the United States. He argues that his sentence is procedurally and substantively unreasonable because the district court imposed a three-year term of supervised release, notwithstanding that U.S.S.G. § 5D1.1(c) provides that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendant is a deportable alien who likely will be deported after imprisonment."

As Velasquez concedes, our review of his challenge to the procedural reasonableness of his sentence is limited to plain error because he did not raise this argument in the district court. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). The parties disagree whether Velasquez's challenge to the substantive reasonableness of his sentence was preserved. We need not determine whether plain error review is applicable because, as discussed below, Velasquez's arguments fail even under an abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The district court was aware of the provisions of § 5D1.1(c) because they were set out in the presentence report, which the district court adopted. Given the statements that the district court made when it imposed the sentence, which addressed Velasquez's history and the importance of his understanding that he may not return to this country without permission, Velasquez fails to show that the district court procedurally erred because it failed to adequately explain its decision to impose a term of supervised release. *See Dominguez-Alvarado*, 695 F.3d at 329-30. Additionally, Velasquez fails to show error as to the substantive reasonableness of his sentence since the district court's statements at sentencing provided support for the imposed term of supervised release. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); § 5D1.1, comment. (n.5). Although Velasquez originally asserted that the district court erred in failing to give notice of its intent to depart upwardly by imposing a term of supervised release, he concedes that the issue is foreclosed by *Dominguez-Alvarado*, 695 F.3d at 329. He seeks, however, to preserve the issue for further review.

The judgment of the district court is AFFIRMED.