**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

No. 11-41304

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO DOMINGUEZ-ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, SMITH, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Defendant-Appellant Pablo Dominguez-Alvarado appeals the district court's imposition of a three-year term of supervised release as part of his criminal sentence. For the following reasons, we affirm.

**FACTS AND PROCEEDINGS**

Dominguez-Alvarado, a citizen of Mexico, pleaded guilty to a one-count indictment charging him with being present in the United States unlawfully after removal, in violation of 8 U.S.C. § 1326. The presentence report ("PSR"), dated September 22, 2011, calculated his total offense level to be 21 with a criminal history category of II, resulting in a recommended Sentencing Guidelines range of 41 to 51 months of imprisonment. The PSR also reflected

No. 11-41304

that the applicable Guidelines range for a term of supervised release was at least two years but not more than three years.

On November 4, 2011, a Second Addendum was added to the PSR to reflect applicable Guidelines Amendments that went into effect November 1, 2011. The Second Addendum noted that should the court impose a term of supervised release, the Guidelines range had changed to at least one year, but not more than three years. The Second Addendum also added:

> Pursuant to U.S.S.G. § 5D1.1(c), the court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who will likely be deported after imprisonment. However, as per Application Note 5, the [court] should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

Dominguez-Alvarado did not object to the PSR.

The district court sentenced Dominguez-Alvarado to a term of 46 months' imprisonment, to be followed by three years of supervised release. Dominguez-Alvarado objected to the reasonableness of the 46 months of imprisonment. Dominguez-Alvarado then added, "[a]lso [I] object to the term of supervised release that's imposed as an upward departure," to which the district court responded, "[t]hank you, sir."

## STANDARD OF REVIEW

We review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the

No. 11-41304

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentencing decision is procedurally sound, we then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

If a defendant fails to properly object to an alleged error at sentencing, however, the procedural reasonableness of his sentence is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). "The standard . . . shields this court from ruling on issues that have been insufficiently vetted below." *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Objections must be raised to place the district court on notice about potential issues for appeal, and to give the district court an opportunity to "clarif[y] or, if necessary, correct[] itself." *United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007); *see also United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) ("A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review."). Therefore, objections that are too vague are reviewed on appeal for plain error because they cannot "alert the court to the legal argument [the party] now presents." *Hernandez-Martinez*, 485 F.3d at 272.

Dominguez-Alvarado failed to raise his claim of error in a manner that could have placed the district court on notice of the error he now asserts. On appeal, he argues that because the Guidelines state that a term of supervised release "ordinarily" should not be imposed, the district court should have provided fact-specific reasons to justify the imposition of a term of supervised release. Yet before the district court, his objection to "the term of supervised release that's imposed as an upward departure" makes no reference to the

3

No. 11-41304

Guidelines' use of the word "ordinarily," nor a request for additional explanation of the reasons for his sentence. Further, in light of his preceding objection to the substantive reasonableness of the term of imprisonment, it is unclear that Dominguez-Alvarado's statement was a procedural objection to the imposition of any term of supervised release, as opposed to a substantive objection to the length of the term of supervised release. Accordingly, we review Dominguez-Alvarado's claim for plain error. *See Mondragon-Santiago*, 564 F.3d at 361 (applying plain error review where defendant's objection "sufficed to alert the district court of his disagreement with the substance of the sentence, but not with the manner in which it was explained").[1]

Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice. *United States v. Olano*, 507 U.S. 725, 732-37 (1993); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005). This court retains discretion to correct reversible plain error and will do so "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and alterations omitted).

## ANALYSIS

A district court must apply the Guidelines version in effect at the time of sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii); *United States v. Martin*, 596 F.3d 284,

---

[1] The significance of identifying argument is evident also in Dominguez-Alvarado's footnote observation in his statement of his case that the oral and written sentencing pronouncements do not conform on the issue before us. Dominguez-Alvarado makes no argument that the inconsistency requires that we vacate his sentence, and it is true that when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (citation omitted).

No. 11-41304

286 (5th Cir. 2010).    Effective November 1, 2011, Guidelines § 5D1.1 was amended to add subsection (c), which provides: "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).    The commentary accompanying § 5D1.1(c) states:

> Application of Subsection (c).—In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release.  Unless such a defendant legally returns to the United States, supervised release is unnecessary.  If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution.  The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1, cmt. (n.5).[2]

On appeal, Dominguez-Alvarado argues that because the Guidelines state that the sentencing court "ordinarily should not impose a term of supervised release," the district court departed from the Guidelines recommendation when it imposed a three-year term of supervised release and, therefore, erred in failing to explain its deviation from the Guidelines recommendation.  We disagree.

When interpreting the Guidelines, "it is necessary to give meaning to all its words and to render none superfluous." *Rayo-Valdez*, 302 F.3d at 318 (citing

---

[2] Guidelines commentary is binding and is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent. *United States v. Rayo-Valdez*, 302 F.3d 314, 318 n.5 (5th Cir. 2002) (citation omitted).

No. 11-41304

*United States v. Vickers*, 891 F.2d 86, 88 (5th Cir. 1989), for the proposition that the Guidelines are subject to rules of statutory construction and interpretation). In order to avoid rendering the word "ordinarily" superfluous, we interpret the Guidelines use of the word "ordinarily" in § 5D1.1 and the accompanying commentary as advising a sentencing court that for most deportable aliens, imposing supervised release is unnecessary because the deterrent and protective effect of supervised release is adequately served by the possibility of a new future prosecution for illegal reentry, while still leaving within the discretion of the sentencing court the option of imposing supervised release in uncommon cases where added deterrence and protection are needed. The word "ordinarily" is hortatory, not mandatory, in this provision.[3] As to any defendant specified in subsection (c), the statutory supervised release range is zero to three years, 18 U.S.C. § 3583(b)(2), and the amended Guidelines range, set forth in the Second Addendum and not objected to by Dominguez-Alvarado, is one to three years, should a sentencing court elect to impose a term of supervised release. Here, the district court imposed three years. No departure analysis is triggered, therefore, nor has Dominguez-Alvarado offered caselaw that applies departure analysis to imposition of a supervised release term that is within both the statutory and Guidelines range for the offense of conviction.

To be sure, supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular

---

[3] Two subsections earlier, the Guidelines state that "[t]he court **shall** order a term of supervised release . . . except as provided in subsection (c) . . . ." U.S.S.G. § 5D1.1(a) (emphasis added). As further illustration, the Guidelines use of the phrase "ordinarily should not" is not equivalent to, for example, the Guidelines instruction to the district court to "increase by 16" Dominguez-Alvarado's base offense level based on his previous drug trafficking conviction, or "decrease the offense level by 2 levels" and "decrease the offense level by 1 additional level" based on his acceptance of responsibility for his offense. *See* § 2L1.2(b)(1)(A)(I); §§3E1.1(a)-(b) (emphases omitted).

case.  The district court in this case was not asked to focus on § 5D1.1(c) and the accompanying commentary in sentencing Dominguez-Alvarado, yet nonetheless did state, "I gave the sentence after looking at the factors in 3553(a), to deter future criminal conduct, his particular background and characteristics, which apparently do not make him a welcome visitor to this country."  Even when an objection is voiced under § 5D1.1(c), this particularized explanation and concern would justify imposition of a term of supervised release.  We anticipate that where a defendant has objected to the imposition of supervised release on the basis that no unusual or uncommon facts or circumstances exist, the sentencing court will adhere to the Rule 32 process and set forth factual findings for its determination.  *See* Fed. R. Crim. P. 32(i)(3)(B) ("At sentencing, the court: . . . must—for any disputed portion of the pre-sentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter at sentencing . . . ."); *see also United States v. Hooten*, 942 F.2d 878, 881 (5th Cir. 1991) (vacating sentence and remanding for determinative findings, highlighting that "Rule 32 serves the twin goals of obtaining a fair sentence based on accurate information and obtaining a clear record of the resolution of disputed facts.").

In light of the district court's particularized remark at sentencing, we hold that Dominguez-Alvarado's sentence does not constitute error, plain or otherwise.  Dominguez-Alvarado's sentence is AFFIRMED and the case is REMANDED for amendment of the written judgment to conform to the oral sentence.