# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2012

No. 11-41323
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILFREDO MEJIA DUARTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-924-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wilfredo Mejia Duarte (Mejia) appeals the three-year term of supervised release that was imposed after he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. Mejia argues that his sentence was procedurally and substantively unreasonable because the district court imposed a three-year term of supervised release when U.S.S.G. § 5D1.1(c) provides that supervised release ordinarily should not be imposed on a defendant who is a deportable alien.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41323

Mejia correctly notes that because he did not raise his § 5D1.1(c) argument in the district court, the procedural and substantive reasonableness of his sentence is reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez-Alvarado*, ___ F.3d ___, No. 11-41304, 2012 WL 3985136, at \*1 (5th Cir. Sept. 12, 2012); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Given the statements that the district court made when it imposed the term of supervised release, which addressed the need to deter him, Mejia fails to show that the district court procedurally erred because it failed to explain its term of supervised release. *See United States v. Dominguez-Alvarado*, 2012 WL 3985136, at \*\*3-4. Nor does Mejia show that the court erred because it failed to give notice of its intent to depart upwardly. The term of supervised release was not an upward departure but was within the statutory and guidelines ranges for Mejia's conviction. *See* 8 U.S.C. § 1326(b)(1); 18 U.S.C. §§ 3559(a)(3), § 3583(b)(2). Finally, Mejia fails to show error, plain or otherwise, as to the substantive reasonableness of his sentence, given that the district court's statements at sentencing accounted for why a term of supervised release was warranted. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); § 5D1.1, comment. (n.5).

AFFIRMED.