# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO IRUEGAS-VALDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:11-CR-784-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Iruegas-Valdez appeals the sentence imposed after his guilty-plea conviction of illegal reentry into the United States after deportation.  He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the sentence was procedurally and substantively unreasonable because the district court imposed a supervised-release term without explanation, notwithstanding that U.S.S.G. § 5D1.1(c) says that supervised release should not ordinarily be imposed on a deportable alien. Iruegas-Valdez also asserts that the district court did not give notice of its intent to depart from the guidelines' advice concerning supervised release and that the sentence is substantively unreasonable because the court did not account for a factor that should have received significant weight—the recommendation in § 5D1.1(c) against imposing supervised release on deportable aliens. As Iruegas-Valdez concedes, review is limited to plain error, because he did not raise these arguments in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The court did not plainly err in imposing a term of supervised release. Because that term was within the statutory and guidelines range for the offense of conviction, it was not a departure, so no notice was required. *See United States v. Dominguez-Alvarado*, 695 F.3d 324 (5th Cir. 2012). The court adopted the presentence report ("PSR"), which cited the current version of § 5D1.1(c) and listed Iruegas-Valdez's extensive criminal history and substance-abuse problems. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The court denied Iruegas-Valdez's request for a downward departure, noting that he had an extensive criminal history; that the sentence was sufficient but not greater than necessary; and that the sentence was warranted based on the advisory guidelines and the 18 U.S.C. § 3553(a) factors. The reasons for the sentence based on the PSR and the § 3553(a) factors were sufficient to support the supervised-release term. *See Dominguez-Alvarado*, 695 F.3d at 330.

AFFIRMED.