**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 21, 2012

Lyle W. Cayce
Clerk

No. 12-40208
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENCARNACION HURTADO-CRUZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1062-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Encarnacion Hurtado-Cruz (Hurtado) appeals the sentence imposed following his guilty plea conviction for being an alien unlawfully present in the United States after deportation. The district court sentenced Hurtado to a 46-month term of imprisonment and to a two-year term of supervised release.

Hurtado contends that the district court's imposition of a term of supervised release resulted in a procedurally and substantively unreasonable sentence. Specifically, he argues that the district court erred procedurally by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to give notice that it was departing from the Guidelines and by failing to explain its imposition of a term of supervised release. He also asserts that the district court imposed a substantively unreasonable sentence because it failed to account for U.S.S.G. § 5D1.1(c), which provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."

Because he failed to raise an objection to his sentence in the district court, our review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To show plain error, Hurtado must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The term of supervision imposed on Hurtado was within the statutory and guidelines range for his offense of conviction; therefore, it did not trigger a "departure analysis." *See Dominguez-Alvarado*, 695 F.3d at 329. Hurtado's contention that the district court was required to give notice of its departure from the guidelines thus fails. *See id.* Further, at sentencing the district court noted Hurtado's criminal history and explained that the sentence imposed on Hurtado was warranted under the guidelines and the sentencing factors of 18 U.S.C. § 3553(a). This was a sufficient explanation for the within-guidelines sentence. *See id.; see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (stating that "little explanation is required" where the judge imposes a sentence within the guideline range). Finally, because the supervised release term was within the guideline range, we apply a presumption of reasonableness, and we infer that the district court considered all pertinent sentencing considerations in imposing the sentence. *See Mares*, 402 F.3d at 519.

AFFIRMED.