**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2013

Lyle W. Cayce
Clerk

No. 12-10230
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FLAVIO HERNANDEZ-CABALLERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:11-CR-35-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Flavio Hernandez-Caballero appeals the sentence imposed for his conviction for illegal reentry into the United States. He argues that his sentence is procedurally and substantively unreasonable because the district court imposed a two-year term of supervised release, notwithstanding that U.S.S.G. § 5D1.1(c) provides that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez-Caballero contends that the district court, in imposing supervised release, relied on the prohibited factor of punishment. Because Hernandez-Caballero did not raise this objection in the district court, review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record reflects that the district court was aware of the provisions of § 5D1.1(c). Given the statements that the district court made when it imposed the sentence, which addressed Hernandez-Caballero's history and characteristics and the need for deterrence and protection, Hernandez-Caballero fails to show that the district court procedurally erred by relying on the prohibited factor of punishment in imposing the term of supervised release. *See Dominguez-Alvarado*, 695 F.3d at 329-30. Additionally, given that the district court relied upon the permissible factors of deterrence and protection in imposing the term of supervised release, Hernandez-Caballero's argument that his sentence is substantively unreasonable because it gives significant weight to an "improper factor" also fails. The judgment of the district court is thus AFFIRMED.