# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

Lyle W. Cayce
Clerk

No. 12-40021
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE KARR-CORTES, also known as Guadalupe Karr-Cortez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-955-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Guadalupe Karr-Cortes appeals the sentence imposed following his guilty plea conviction for being an alien found unlawfully present in the United States following deportation. The district court sentenced Karr-Cortes to a fifty-one month term of imprisonment to be followed by a three-year term of supervised release.

Karr-Cortes argues for the first time on appeal that the sentence was procedurally and substantively unreasonable because the district court imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a term of supervised release despite the Sentencing Guidelines' direction that "ordinarily" no term of supervised release should be imposed if the defendant is a deportable alien. Contending that the sentence was procedurally unreasonable, he asserts that the district court provided no explanation for imposing a term of supervised release and did not provide him with notice of its intent to depart from the guidelines range.

Because he failed to raise this objection to his sentence in the district court, our review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To show plain error, Karr-Cortes must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The term of supervision imposed on Karr-Cortes was within the statutory and guidelines range for his offense of conviction; therefore, it did not trigger a "departure analysis." *See Dominguez-Alvarado*, 695 F.3d at 329. Karr-Cortes's contention that the district court was required to give notice of its departure from the guidelines thus fails. *See id.*

Our review of the record reveals that the district court considered relevant facts that justified the term of supervised release. The addendum to the presentence report alerted the court to the 2011 amendment to U.S.S.G. § 5D1.1(c), and the court considered the information in the presentence report along with the arguments of the parties as to the need for deterrence and the protection of the public, both factors relevant to a determination whether to impose a term of supervised release. *See Dominguez-Alvarado,* 695 F.3d at 329; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008). Karr-Cortes has not shown that the district court committed reversible plain error in imposing the supervised release term. *See Puckett*, 556 U.S. at 135.

Karr-Cortes's argument that his sentence of supervised release is substantively unreasonable is also without merit. Because the supervised release term was within the guideline range, the court applies a presumption of reasonableness and infers that the district court considered all pertinent sentencing considerations in imposing the sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Karr-Cortes has not demonstrated, under the applicable plain error standard, that his sentence was substantively unreasonable. *Puckett*, 556 U.S. at 135.

The sentence is AFFIRMED.