# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2013

Lyle W. Cayce
Clerk

No. 12-40103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OMAR ARELLANO-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1184-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Omar Arellano-Gonzalez appeals the sentence imposed pursuant to his guilty-plea conviction for illegal reentry into the United States after deportation. He contends: the sentence was substantively unreasonable because the district court imposed a three-year term of supervised release without explanation, notwithstanding that advisory sentencing Guideline § 5D1.1(c) states supervised release should ordinarily not be imposed on a deportable alien; and the sentence was procedurally unreasonable because the court provided no explanation for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposing supervised release, and did not provide notice of its intent to depart from the advisory Guidelines sentencing range.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). As Arellano concedes, he failed to raise his procedural-error contention in district court; therefore, review is only for plain error. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). To show reversible plain error, Arellano must show, *inter alia*, forfeited error that was clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

The term of supervised release imposed on Arellano was within the statutory and advisory Guidelines sentencing range for his offense of conviction; therefore, despite the language of Guideline § 5D1.1(c), it does not trigger a "departure analysis". *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). Therefore, the court was not required to give notice of its possibly imposing supervised release. *See id.*

Further, the district court was aware of the provisions of Guideline § 5D1.1(c) because they were set out in the presentence investigation report, which the court adopted. Given the court's considering at sentencing both Arellano's request for a lenient sentence and his violent criminal history and alcohol-abuse problems, Arellano fails to show the district court procedurally erred in declining to explain its imposing supervised release. *See id.* at 329-30. Indeed, Guideline § 5D1.1, comment 3(C), states "it is highly recommended that

a term of supervised release [] be imposed" where, as here, defendant has a history of drug or alcohol abuse.

Arguably, Arellano's contention that the imposition of supervised release is substantively unreasonable was not properly preserved and, therefore, subject to plain-error review. In any event, under the more lenient abuse-of-discretion standard, the contention fails. Because the supervised release was within the advisory Guidelines sentencing range, our court applies a presumption of reasonableness and infers the district court considered all pertinent sentencing considerations in imposing the sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("When the judge exercises [his] discretion to impose a sentence within the [advisory] Guidelines [sentencing] range and states for the record that [he] is doing so, little explanation is required.").

AFFIRMED.