**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 16, 2013

Lyle W. Cayce
Clerk

No. 12-40126
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MORIN-DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1839-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Morin-Davila pleaded guilty to illegal reentry and was sentenced within the guidelines to 57 months of imprisonment and two years of supervised release. Morin-Davila asserts that his sentence is procedurally and substantively unreasonable because the district court imposed a two-year term of supervised release, notwithstanding Sentencing Guideline § 5D1.1(c) providing that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and the defendant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a deportable alien who likely will be deported after imprisonment." We review Morin-Davila's unpreserved claim of error for plain error only. *See United States v. Dominguez–Alvarado*, 695 F.3d 324, 327-28 (5th Cir.2012).

The district court was aware of the provisions of § 5D1 .1(c) because they were provided in the presentence report, which the court adopted. Contrary to Morin-Davila's claim that the court committed procedural error by failing provide any explanation for its imposition of supervised release, the court made statements at sentencing that addressed Morin-Davila's history and characteristics, as well as the need for deterrence, specifically noting, " The last time you received a significant sentence and yet you're back here today." The district court stated that it imposed the term of supervised release "given the seriousness of [Morin-Davila's] prior criminal convictions." Morin-Davila's argument that the supervised release term amounted to a departure is foreclosed by *Dominguez–Alvarado*, 695 F.3d at 329.

Morin-Davila also fails to show plain error with regard to the substantive reasonableness of his sentence. Although he correctly asserts that § 5D1.1(c) advises that "ordinarily" supervised release should not be imposed where, as here, the defendant is likely to be deported after imprisonment, "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1. comment. (n.5). That is what the district court did in the instant case.

AFFIRMED.