# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2013

Lyle W. Cayce
Clerk

No. 12-40207
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO MORIN-DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1685-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramiro Morin-Davila appeals the sentence imposed following his guilty plea conviction for being found in the United States after a prior deportation. In his opening brief, Morin-Davila argued that his sentence was procedurally and substantively unreasonable because the district court (1) did not explain why it imposed a supervised release term despite United States Sentencing Guidelines § 5D1.1(c), which states that supervised release should not ordinarily be imposed on removable aliens; (2) gave no notice of its intent to depart from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 5D1.1(c) by ordering supervised release; and (3) failed to take § 5D1.1(c) into account.  In his reply brief, Morin-Davila concedes that his arguments are now foreclosed by *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329-30 (5th Cir. 2012); however, he wishes to preserve his claims for possible further review.

Our review is limited to plain error because Morin-Davila did not raise his arguments in the district court.  *See id.* at 327-28; *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  To prevail, he must show a forfeited error that is clear or obvious and affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes this showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Dominguez-Alvarado*, 695 F.3d at 328 (internal quotation marks and citation omitted).

Morin-Davila is correct in asserting that his claims are foreclosed by *Dominguez-Alvarado*, 695 F.3d at 329-30. The district court did not depart from the Guidelines by imposing a term of supervised release on Morin-Davila.  *Id.* at 329.  Morin-Davila thus has shown no error, plain or otherwise, as to the district court's failure to give the notice required by Federal Rule of Criminal Procedure 32(h) before ordering a supervised release term.  Moreover, the district court gave an adequate explanation of its sentencing decision when it determined that supervised release would serve as an added deterrent in light of Morin-Davila's particular history and circumstances.  *See id.* at 329-30. Accordingly, Morin-Davila has shown no error, plain or otherwise, as to this claim.  *Id.* at 327-28.

Likewise, Morin-Davila fails to show error with regard to the substantive reasonableness of his sentence; the court's statements at sentencing provided support for the imposed term of supervised release.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also* § 5D1.1, comment. (n.5).

AFFIRMED.