# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 26, 2013

Lyle W. Cayce
Clerk

No. 12-20146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO MURO-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-795-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eduardo Muro-Flores appeals the sentence imposed following his guilty plea conviction for being an alien found unlawfully present in the United States following deportation. The district court sentenced Muro-Flores to 64 months of imprisonment to be followed by a two-year term of supervised release.

Muro-Flores argues for the first time on appeal that the sentence was procedurally and substantively unreasonable because the district court imposed a term of supervised release despite the Sentencing Guidelines' direction that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"ordinarily" no term of supervised release should be imposed if the defendant is a deportable alien. He specifically contends that the sentence was procedurally unreasonable because the district court gave an inadequate explanation for imposing a term of supervised release, relied upon the prohibited factor of punishment in deciding to impose supervised release, and did not provide him with prior notice of its intent to depart from the guidelines range. Muro-Flores alleges that his sentence is substantively unreasonable because the district court did not account for the Guidelines' recommendation that supervised release not be imposed and gave improper weight to the prohibited factor of punishment.

Because Muro-Flores failed to raise these objections in the district court, our review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To show plain error, Muro-Flores must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The term of supervision imposed on Muro-Flores was within the statutory and guidelines range for his offense of conviction; therefore, it did not trigger a "departure analysis." *See Dominguez-Alvarado*, 695 F.3d at 329. Muro-Flores's contention that the district court was required to give notice of its departure from the Guidelines thus fails. *See id.*

Our review of the record reveals that the district court considered relevant facts that justified a term of supervised release. The presentence report alerted the district court to the 2011 amendment to U.S.S.G. § 5D1.1(c), as well as the history and characteristics of the defendant, and the district court considered the information in the presentence report along with the arguments of the parties. The district court's comments at sentencing evince its concern with the need for deterrence and protection in light of Muro-Flores's history and characteristics rather than a concern with imposing just punishment; deterrence and protection

No. 12-20146

are permissible factors that are relevant to a determination whether to impose a term of supervised release. *See Dominguez-Alvarado,* 695 F.3d at 329. Thus, Muro-Flores has not shown that the district court committed reversible plain error in imposing the supervised release term. *See Puckett*, 556 U.S. at 135.

Muro-Flores's argument that his sentence is substantively unreasonable also lacks merit. Because the supervised release term was within the guidelines range, the court applies a presumption of reasonableness and infers that the district court considered all pertinent sentencing considerations in imposing the sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The record shows that the district court was aware of § 5D1.1(c), and did not give significant weight to the improper factor of punishment in opting to impose a two-year term of supervised release. Thus, Muro-Flores has not demonstrated, under the applicable plain error standard, that his sentence was substantively unreasonable. *Puckett*, 556 U.S. at 135.

The sentence is AFFIRMED.