# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2013

Lyle W. Cayce
Clerk

No. 12-50682
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ELIAZAR ARECHIGA-DUARTE, also known as Jose Eliazar Arechiga-Durate,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1903-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Eliazar Arechiga-Duarte pleaded guilty to illegal reentry after deportation. The advisory guidelines range of imprisonment was 6 to 12 months. At sentencing, the district court found that Arechiga-Duarte's criminal history score did not represent his criminal history adequately and increased his criminal history category from I to IV, resulting in a recommended range of 15 to 21 months of imprisonment. The district court, in an upward departure,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced him to 21 months of imprisonment and three years of supervised release. On appeal, Arechiga-Duarte does not challenge the district court's upward departure based on his criminal history. Rather he argues that the term of supervised release was procedurally and substantively unreasonable because the district court failed to make case-specific findings to justify it. Because Arechiga-Duarte did not raise his objections in the district court, review is for plain error. *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

Under U.S.S.G. § 5D1.1(c), supervised release is not ordinarily imposed on aliens who will likely be deported. When § 5D1.1(c) applies, "supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Dominguez-Alvarado*, 695 F.3d at 329; § 5D1.1, comment. (n.5). Arechiga-Duarte had 10 prior convictions, for which the district court specifically found that it was necessary to increase his term of imprisonment considering the sentencing factors found at 18 U.S.C. § 3553(a), which include protecting the public and deterring criminal conduct. Arechiga-Duarte has not challenged the upward departure or the findings supporting it. Arechiga-Duarte does not address why these unchallenged findings are not sufficient to support the imposition of a term of supervised release considering the same § 3553(a) factors. Accordingly, Arechiga-Duarte has not established, under the applicable plain error standard, that his sentence was either procedurally or substantively unreasonable. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.