# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 6, 2013

Lyle W. Cayce
Clerk

No. 12-40551
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELEAZAR HERRERA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-39-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eleazar Herrera-Garcia pleaded guilty without the benefit of a plea agreement to being found illegally present in the United States after having been deported following an aggravated felony conviction. The district court imposed a 64-month prison term and a three-year term of supervised release.

Herrera-Garcia challenges the procedural and substantive reasonableness of his supervised release term on the grounds that the district court did not explain why it imposed a term of supervised release and the court did not

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account for the fact that he is a deportable alien, a factor that, he contends, should have received significant weight. Because Herrera-Garcia did not raise these issues or object to his sentence in the district court, our review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-29 (5th Cir. 2012).

Where the defendant is an alien who is likely to be deported after serving a prison sentence, supervised release is not ordinarily imposed and "should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Dominguez-Alvarado*, 695 F.3d at 329; *see* U.S.S.G. § 5D1.1(c), § 5D1.1, comment. (n.5). Here, the district court did not explain why it chose to impose a supervised release term. Nonetheless, the record does not suggest that if the court had explained the sentence in greater detail it would have concluded that supervised release was unwarranted. Moreover, given Herrera-Garcia's history of violence and extensive criminal history and that the presentence report informed the district court of the relevant sentencing considerations, Herrera-Garcia cannot show that any error, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, Herrera-Garcia has not shown that the district court committed reversible plain error by not adequately explaining its decision to order a supervised release term.

As for substantive reasonableness, Herrera-Garcia's three-year supervised release term was within the advisory guidelines range, and Herrera-Garcia has not overcome the inference that the district court considered the relevant factors in imposing this sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Accordingly, he has not established that the court plainly erred in imposing supervised release.

The judgment of the district court is AFFIRMED.