# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2013

Lyle W. Cayce
Clerk

No. 12-51135
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO MUNOZ-MENA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1622-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mexican national Rolando Munoz-Mena pleaded guilty to being found illegally in the U.S. after having been previously deported, in violation of 8 U.S.C. § 1326, and was sentenced to 41 months of imprisonment, followed by a three-year term of non-reporting supervised release. He now challenges the procedural and substantive reasonableness of his supervised release term on the grounds that the district court did not explain why it imposed a term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release and did not account for the fact that he is a deportable alien, a factor that, he contends, should have received significant weight.

Because Munoz did not raise his procedural reasonableness challenge in the district court, review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-29 (5th Cir. 2012). Inasmuch as his challenge to the sentence as "greater than necessary" preserved his appellate substantive reasonableness challenge, review is for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

If the defendant is an alien who is likely to be deported after serving a prison sentence, supervised release is not ordinarily imposed and "should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Dominguez-Alvarado*, 659 F.3d at 329; *see* U.S.S.G. § 5D1.1, comment. (n.5). Although the district court did not refer to the amended language of § 5D1.1(c), the PSR specifically discussed it, and the district court expressly adopted the PSR. Moreover, although the court did not give specific reasons for imposing a term of supervised release, the record reflects that, in imposing the sentence, the court considered the 18 U.S.C. § 3553(a) factors, finding particularly relevant Munoz's criminal history. Thus, as the guideline instructs, the court considered the statutory factors, specifically the need to provide "an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1, comment. (nn.3(A),(B), 5); *see Dominguez-Alvarado*, 695 F.3d at 330. Because the district court's statement was sufficient to justify the imposition of supervised release, the court did not plainly err in sentencing Munoz to a supervised release term. *See Dominguez-Alvarado*, 695 F.3d at 330. Alternatively, even if it is assumed that the district court's explanation was insufficient, Munoz has not demonstrated that the error affected his substantial rights as the record does not suggest that

if the court had explained the sentence in greater detail it would have concluded that supervised release was unwarranted.

As for substantive reasonableness, Munoz's three-year supervised release term was within the advisory guidelines range, and he has not overcome the inference that the district court considered the relevant factors in imposing this sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Accordingly, he has not established that his sentence of supervised release was substantively unreasonable.

The judgment of the district court is AFFIRMED.