**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2013

Lyle W. Cayce
Clerk

No. 12-11102
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA JESUS GONZALEZ, also known as Maria Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-98-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After pleading guilty, pursuant to a written plea agreement, to distribution of heroin, Mexican national Maria Jesus Gonzalez was sentenced to 168 months of imprisonment, followed by a three-year term of supervised release. For the first time on appeal, she contends that the district court erred in ordering her to serve a term of supervised release given that she is a deportable alien. She complains that the court failed to make any findings that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11102

supervised release was necessary for deterrence or protection, as required by U.S.S.G. § 5D1.1(c).

We review this newly raised argument for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012). Gonzalez has failed to show any error, plain or otherwise, in connection with her sentence of supervised release. Section 5D1.1(c) does not apply where the term of supervised release is required by statute. In the instant case, the district court was required by statute to impose a three-year term of supervised release as a result of Gonzalez's conviction for distribution of heroin. *See* 21 U.S.C. § 841(b)(1)(C). Accordingly, the district court's judgment is AFFIRMED.