# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10980
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEJANDRO TREVINO-FUENTES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:13-CR-21-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alejandro Trevino-Fuentes pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326. He was sentenced to 51 months' imprisonment and three years' supervised release. For the first time on appeal, Trevino contends the district court erred by imposing a term of supervised release without providing fact-specific reasons for its decision to deviate from Sentencing Guideline § 5D1.1(c) (recommending courts ordinarily

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

not impose supervised release when alien defendant likely deported after imprisonment).

Because this issue was not preserved in district court, review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012). Under that standard, Trevino must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The district court retains the discretion to impose supervised release in cases involving a deportable alien where added deterrence and protection are needed. *E.g.*, *Dominguez-Alvarado*, 695 F.3d at 329. In sentencing Trevino, the court explained supervised release was imposed as an additional potential sanction should Trevino attempt to return illegally. Trevino fails to show the requisite clear or obvious error. *See, e.g.*, *id.* at 329–30; *United States v. Becerril-Pena*, 714 F.3d 347, 349–51 (5th Cir. 2013) (affirming without deciding whether plain-error review applied because contention failed even under *de novo* review).

AFFIRMED.