**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4157**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

AGUSTIN JERONIMO-RODAS,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:13-cr-00841-RBH-1)

───────────

Submitted:  July 30, 2014          Decided:  September 5, 2014

───────────

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Jimmie Ewing, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agustin Jeronimo-Rodas pled guilty pursuant to a written plea agreement to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) (2012). The court imposed a sentence of time served and one year of supervised release. On appeal, Jeronimo-Rodas contends that the district court erred by imposing a one-year term of supervised release when he likely will be deported. For the reasons that follow, we affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. United States v. Rivera–Santana, 668 F.3d 95, 100 (4th Cir. 2012). The first step in our review requires us to ensure that the district court did not commit significant procedural error, such as improperly calculating the Sentencing Guidelines range, failing to consider the factors under 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009). We then review the sentence for substantive reasonableness, taking into account the totality of the circumstances. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Jeronimo-Rodas only alleges procedural error.

Jeronimo-Rodas argues that the district court erred by imposing supervised release because he would likely be deported.

2

The Sentencing Guidelines normally counsel against imposing a term of supervised release for someone who is a deportable alien, noting that "the court ordinarily should not impose a term of supervised release." U.S. Sentencing Guidelines Manual ("USSG") § 5D1.1(c) (2013). Nonetheless, courts are encouraged to consider imposing a term of supervised release on a deportable alien if the court determines that such an imposition would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case. See USSG § 5D1.1 comment. (n.5).

Here, the court sought an added measure of "deterrence" given Jeronimo-Rodas' repeated illegal reentries into this country and his convictions for driving under the influence and possession of cocaine base. (J.A. 75). The court stated that "placement on supervised release will provide further protection to the public." (J.A. 75). Under these circumstances, we conclude that the imposition of a term of supervised release was not reversible error under USSG § 5D1.1(c). See United States v. Dominquez-Alvarado, 695 F.3d 324, 329 (5th Cir. 2012) (observing that the word "ordinarily" in this provision is an encouragement, not a mandatory requirement).

Accordingly, we affirm Jeronimo-Rodas' sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED