# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

v.

LEONEL RAMIREZ-CASILLAS,

                    Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-497

Before SMITH, BARKSDALE, and PRADO, Circuit Judges:

PER CURIAM:[*]

Leonel Ramirez-Casillas, a deportable alien, challenges his three-year term of supervised release, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He asserts: the supervised-release term is procedurally unreasonable because it was imposed without adequate explanation; and it is substantively unreasonable because the court did not account for a factor that should have received significant weight.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50292

Regarding the latter, he maintains:  the application of a 16-level enhancement, which resulted from a 2010 drug-trafficking conviction, and the consecutive sentences he received in connection with the underlying illegal-reentry conviction and his supervised-release revocation for that drug-trafficking conviction, provide sufficient deterrence to his reentering illegally in the future.

Ramirez did not object, however, in district court to the procedural or substantive reasonableness of his sentence.  Therefore, review is only for plain error.  *E.g., United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).  Under that standard, Ramirez must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he does so, we retain the discretion to correct the error and should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*  For the following reasons, there was no clear or obvious error.

The district court may impose a term of supervised release in cases involving a deportable alien where added deterrence and protection are needed.  *E.g., Dominguez-Alvarado*, 695 F.3d at 329.  Regarding the claimed procedural error, at sentencing, the court: stated it considered the 18 U.S.C. § 3553(a) sentencing factors when imposing Ramirez' sentence; noted his criminal history; stated his case was not ordinary; and explained that a term of supervised release was necessary to incentivize him not to return to this country.

Regarding the substantive reasonableness of the term of supervised release, the three-year term was within the statutory and Sentencing Guidelines range for his offense of conviction.  18 U.S.C. § 3583(b)(2) (increase

offense level based on severity of injury); U.S.S.G. § 5D1.2(a)(2) (supervised-release term at least one year but not more than three).  Thus, it is presumptively reasonable.  *See, e.g., United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The court knew Ramirez' offense level was increased by 16 levels based on his drug-trafficking conviction and concluded a three-year term of supervised release was necessary to deter him from illegally reentering in the future.  Likewise, despite the court's order that the revocation and offense sentences run consecutively, it concluded the supervision term was necessary for added deterrence.

AFFIRMED.