# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────────

No. 16-40856
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NILSON GUILLERJ F-SALAZAR, also known as Nilson Guillermo-Salazar, also known as Nilson G. Salazar, true name Nilson Guillermo Salazar,

Defendant-Appellant

────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1094-1

────────────

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Nilson Guillerj F-Salazar pled guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a), (b)(2), and the district court sentenced him to a within-Guidelines sentence of 46 months in prison. F-Salazar argues that the district court committed a procedural error when it

────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to recognize that it had the authority to grant his motion for a downward variance, which was based on then pending amendments to U.S.S.G. § 2L1.2.

In reviewing a sentence on appeal, we first ensure that the district court did not commit a significant procedural error, such as treating the Guidelines as mandatory or failing to consider the 18 U.S.C. § 3553(a) factors. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014). Because F-Salazar did not present his procedural error argument in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

F-Salazar argues that the following statement made by the district court at sentencing supports his position: "As to the discretion of proposed amendments . . . , which may or may not become effective . . . , this Court . . . must apply the version of the Sentencing Guidelines effective at the time of sentencing, unless application of that version would violate the ex post [facto] clause of the United States Constitution." His argument is unavailing.

The record, when considered in its entirety, more accurately reflects that the district court was merely recognizing that it was required to begin with the version of the Guidelines in effect at the time of sentencing. *See* § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a); *United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014) (noting the general rule that the district court "must apply the version of the sentencing guidelines effective at the time of sentencing"); *see also Gall v. United States*, 552 U.S. 38, 49 (2007) (holding that all

sentencing proceedings should begin with a correct calculation of the applicable Guidelines range, which serves as the "initial benchmark").

The record further reflects that the district court then did as it was required to do under *Gall* — it made an individualized assessment in light of the facts, F-Salazar's arguments for a downward variance, the advisory Guidelines range, and the Section 3553(a) factors. *See Gall*, 552 U.S. at 49-50. The district court explained that it had chosen a within-Guidelines sentence in light of the letters submitted by F-Salazar's family and friends, the seriousness of the offense, the need to promote respect for the law, and the need to provide a just punishment. Finally, before pronouncing F-Salazar's sentence, the district court discussed its recognition that the Sentencing Guidelines are advisory rather than mandatory. We find the district court understood it had the authority to impose a downward variance.

AFFIRMED.