# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40847
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 7, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN JOSE PINEDA-GARCIA, true name Marco Antonio Torres-Palacios,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-966-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Torres-Palacios pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court imposed, *inter alia*, a within-guidelines sentence of 57-months' imprisonment. Torres contends the court committed a procedural error when it failed to recognize its authority to grant a downward variance based on then-pending amendments to Guideline § 2L1.2.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40847

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51.

The parties dispute whether Torres preserved the issue for appeal. Although he objected to the denial of the requested variance, Torres did not contend the court failed to recognize its discretion to grant a variance, as he does now. Thus, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Torres must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Torres asserts the court's failure to appreciate its authority to grant the requested downward variance is demonstrated by its following statement at sentencing: "[T]he sentencing court must apply the version of the Sentencing Guidelines effective at the time of sentencing, unless the application of that revision had violated the Ex Post Facto Clause of the Constitution". The court's statement, however, is simply an expression of the general rule that a sentencing court must initially apply the Guidelines then in effect. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a); *United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014); *see also Gall*, 552 U.S. at 49 (holding a correct calculation of the Guidelines sentencing range is the "starting point and the initial benchmark" for sentencing decisions).

No. 16-40847

The record further reflects the court made an individualized determination of the appropriate sentence in the light of the facts and assertions presented, the advisory Guidelines sentencing range, and the § 3553(a) sentencing factors. *See id.* at 49–50. When offered the opportunity to speak at sentencing, Torres: discussed his criminal and employment history and his family situation; asserted the § 3553(a) objectives could be achieved with a below-Guidelines sentence; and raised the possibility of continuing the sentencing hearing until the proposed amendments took effect.

Noting that "these cases are difficult", the court then referenced Torres' criminal history and its prior ruling regarding the applicable Guidelines before finally eliminating the possibility of a downward variance, declaring that "the [c]ourt will sentence pursuant to the Guidelines as they exist today". Moreover, in pronouncing Torres' within-Guidelines sentence, the court stated it was acting "[p]ursuant to the Sentencing Reform Act of 1984, as modified by the case of *United States v. Booker*, [543 U.S. 220 (2005)]".

As Torres acknowledges, *Booker* rendered the Guidelines merely advisory. *See* 543 U.S. at 226–27, 245. By citing *Booker* in imposing the sentence, the district court evinced its understanding of the Guidelines' advisory nature. Torres has failed to establish plain error, as it is not clear or obvious the court erroneously believed it lacked the authority to grant a downward variance based on the proposed amendments to § 2L1.2. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

AFFIRMED.