**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2013

Lyle W. Cayce
Clerk

No. 12-40149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DELFINO MARTINEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-990-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Delfino Martinez-Hernandez (Martinez) appeals the sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(1). He argues for the first time on appeal that his supervised release term was procedurally unreasonable (1) because the district court did not explain why it imposed the term despite the statement in United States Sentencing Guideline § 5D1.1(c), which indicates that supervised release should not ordinarily be imposed when the defendant is a deportable alien, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) because the district court gave no notice of its intent to depart from § 5D1.1(c). In addition, Martinez argues that his sentence is not entitled to a presumption of reasonableness on appellate review and that his sentence is substantively unreasonable because the district court failed to take § 5D1.1(c) into account.

The district court did not plainly err in imposing a term of supervised release. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-30 (5th Cir. 2012). In making its sentencing determination, the district court adopted the presentence report, which summarized § 5D1.1(c) and listed Martinez's extensive criminal history and numerous deportations. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The court considered the Sentencing Guidelines, the factors set forth in 18 U.S.C. § 3553(a), the Government's argument in favor of a sentence at the top of the advisory sentencing guidelines range, and Martinez's argument in favor of a sentence at the low end of the range. After these considerations, the court implicitly rejected Martinez's request, found that a guidelines sentence was appropriate and not greater than necessary, and imposed a prison term at the top of the guidelines range and a supervised release term. The court's explanation of its sentencing decision was sufficient. *See United States v. Rodriguez,* 523 F.3d 519, 525-26 (5th Cir. 2008); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Because the supervised release term was within the statutory and guidelines ranges for the offense of conviction, it was not a departure; therefore, no notice was required. *See Dominguez-Alvarado*, 695 F. 3d at 329.

As for substantive reasonableness, Martinez's supervised release term was a guidelines sentence notwithstanding § 5D1.1(c), *see id.*, and thus is entitled to a rebuttable presumption of reasonableness on appellate review. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Martinez argues that his sentence is unreasonable because the district court failed to take § 5D1.1(c) into account, the court was aware of this provision because it was

discussed in the presentence report, which the court adopted without objection from Martinez. Moreover, because the district court exercised its discretion to order a guidelines sentence, *see Dominguez-Alvarado*, 695 F.3d at 329, we infer that the court considered all the factors for a fair sentence set forth in the Sentencing Guidelines. *Mares*, 402 F.3d at 519. In view of the foregoing, Martinez fails to overcome the presumption that his sentence is reasonable. *See Cooks*, 589 F.3d at 186.

The judgment of the district court is AFFIRMED.