# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2013

Lyle W. Cayce
Clerk

No. 12-40533
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GEOVANY GUARACA-DOMINGUEZ, Also Known as Juan Guaraca,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:11-CR-1158-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Guaraca-Dominguez appeals the sentence imposed on his guilty-plea conviction of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues for the first time on appeal that his term of supervised release ("SR") was procedurally unreasonable (1) because the district court did not explain why it imposed the term despite the statement in U.S. Sentencing Guideline § 5D1.1(c), which indicates that SR should not ordinarily be imposed when the defendant is a deportable alien, and (2) because the court gave no notice of its intent to depart from § 5D1.1(c). In addition, Guaraca-Dominguez contends that his sentence is not entitled to a presumption of reasonableness on appellate review and is substantively unreasonable because the court failed to take § 5D1.1(c) into account.

Because Guaraca-Dominguez did not raise his objections in the district court, review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012) (reviewing procedural reasonableness); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (reviewing substantive reasonableness). To prevail, he must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Guaraca-Dominguez has not demonstrated that the district court plainly erred in imposing a term of SR. *See Dominguez-Alvarado*, 695 F.3d at 327–30. In making its decision, the court adopted the presentence report ("PSR"), which summarized § 5D1.1(c) and listed Guaraca-Dominguez's criminal history and deportation. *See United States v. Rodriguez,* 523 F.3d 519, 525–26 (5th Cir. 2008). The court also considered Guaraca-Dominguez's arguments in favor of a downward departure or variance and rejected them based on the nature of his prior offense. The court stated that, in making its decision, it had considered the sentencing guidelines and the 18 U.S.C. § 3553 factors and that the "sentence imposed was sufficient but not greater than necessary to impose an appropriate punishment."

The court's explanation was sufficient. *See id.* at 525–26; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Although the court referenced "punishment"—a factor Guaraca-Dominguez argues cannot be considered when the court decides whether to impose SR—it nevertheless gave a "particularized explanation and concern" that justified the term of SR. *See Dominguez-Alvarado*, 695 F.3d at 329–30. Moreover, because the SR term was within the statutory and guideline ranges for the offense of conviction, it was not a departure, so no notice was required. *See id.* at 329.

As for substantive reasonableness, the SR term was a guideline sentence notwithstanding § 5D1.1(c), *see id.*, and thus is entitled to a rebuttable presumption of reasonableness on appellate review, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Guaraca-Dominguez argues that his sentence is unreasonable because the court failed to take § 5D1.1(c) into account, the court was aware of that provision, because it was discussed in the PSR, which the court adopted without objection from Guaraca-Dominguez. Moreover, because the court exercised its discretion to order a guideline sentence, *see Dominguez-Alvarado*, 695 F.3d at 329, we infer that it considered all the guideline factors for a fair sentence, *Mares*, 402 F.3d at 519. In view of the foregoing, Guaraca-Dominguez fails to overcome the presumption that his sentence is reasonable. *See Cooks*, 589 F.3d at 186.

The judgment of sentence is AFFIRMED.