**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Martin CUEVAS–IBARRA,**
**Defendant–Appellant.**

No. 12–50493
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 2013.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Angela Sandoval Raba, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff-Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Donna F. Coltharp, Assistant Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Martin Cuevas–Ibarra was convicted of illegal reentry following deportation and was sentenced to serve 24 months in prison and a three-year term of supervised release. In this appeal, he argues that the district court plainly erred by imposing a term of supervised release as part of his sentence. He avers that this sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision is erroneous because he will be deported when he is released from prison and thus cannot benefit from rehabilitation, which is the aim of supervision. Additionally, he contends that the challenged portion of his sentence is flawed because the district court did not determine that supervised release was needed for deterrence or protection and thus did not issue adequate reasons for this decision.

Because Cuevas–Ibarra did not raise these arguments in the district court they are, as he concedes, reviewed for plain error only. *See United States v. Dominguez–Alvarado,* 695 F.3d 324, 327–28 (5th Cir.2012). Under this standard, one will not receive relief absent a showing of error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If one makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Our review of the record shows no error in connection with the district court's decision to impose a term of supervised release. The district court noted its attention to the sentencing statute as well as the presentence report, which alerted it to the 2011 amendment to U.S.S.G. § 5D1.1(c). The district court gave particular consideration to Cuevas–Ibarra's criminal history and emphasized that he was not to return to this country and would face severe penalties if he did.

When considered as a whole, the district court's "particularized remark[s]" at sentencing evidence its belief that the sentence imposed, including both the prison term and the supervised release term, was appropriate in light of Cuevas–Ibarra's history and characteristics and can fairly be read as showing the district court's belief that the term of supervised release was needed to provide more deterrence and protection. This belief justifies the imposition of a term of supervised release and results in a sentence that is not plainly erroneous. *See Dominguez–Alvarado,* 695 F.3d at 329–30. Moreover, because the term of supervised release is a guidelines sentence, *see Dominguez–Alvarado,* 695 F.3d at 329, we infer that the court considered all the factors for a fair sentence set forth in the Sentencing Guidelines. *See United States v. Mares,* 402 F.3d 511, 519 (5th Cir.2005).

Cuevas–Ibarra has shown no error, plain or otherwise, in connection with his sentence. Accordingly, the judgment of the district court is AFFIRMED.