# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2013

Lyle W. Cayce
Clerk

No. 12-50982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO AGUIRRE-MESA, also known as Pedro Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-224-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Antonio Aguirre-Mesa pleaded guilty to being found to be in the United States illegally after having been previously deported, in violation of 8 U.S.C. § 1326. He was sentenced to 21 months of imprisonment, to be followed by a three-year term of supervised release. On appeal, Aguirre-Mesa challenges the procedural and substantive reasonableness of his supervised release term on the grounds that the district court did not state reasons for imposing supervised release and did not account for the fact that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a deportable alien, contending that this fact should have received significant weight. As Aguirre-Mesa did not challenge the term of supervised release in the district court, we review his claim for plain error only. *See United States v. Dominquez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

If the defendant is an alien who is likely to be deported after serving a prison sentence, supervised release is not ordinarily imposed and "should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* at 329; *see* U.S.S.G. § 5D1.1, comment. (n.5). Although the district court did not refer to the amended language of § 5D1.1(c), the presentence report (PSR) specifically discussed it, and the district court expressly adopted the PSR. And, even though the court did not give specific reasons for imposing supervised release, the record reflects that, in imposing the sentence, the court considered the 18 U.S.C. § 3553(a) factors and found the facts and circumstances of both Aguirre-Mesa's background and the instant offense to be particularly relevant. Thus, as the Guidelines instruct, the court considered the statutory factors. Section 5D1.1, comment. (nn.3(A), 5); *see Dominguez-Alvarado*, 695 F.3d at 330. Inasmuch as the district court's particularized statement was sufficient to justify the imposition of supervised release, it did not plainly err in sentencing Aguirre-Mesa to such a term. *See Dominguez-Alvarado*, 695 F.3d at 330.

As for substantive reasonableness, Aguirre-Mesa's three-year term of supervised release was within the advisory guidelines range, and he has not rebutted the presumption that the district court considered the relevant factors in imposing this sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Accordingly, he has not established that inclusion of supervised release in his sentence was substantively unreasonable.

The judgment of the district court is AFFIRMED.