# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2013

Lyle W. Cayce
Clerk

No. 12-40955
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

J. JESUS PINEDA-PINEDA,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-115-1

Before BARKSDALE, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

J. Jesus Pineda-Pineda appeals his jury-trial convictions for: conspiring to possess, with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5); and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He contends: the Government did not provide sufficient evidence to support the jury's verdict; the imposed 99-month prison sentence is greater than necessary to meet the sentencing goals of 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3553(a)(2); and the district court erred by imposing a term of supervised release, despite his deportable-alien status.

A preserved sufficiency-of-the-evidence challenge, as in this instance, is reviewed *de novo*. *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012). The evidence is viewed in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Id.*

Ample direct and circumstantial evidence supports Pineda's three convictions. For the conspiracy conviction, testimony revealed officers observed Pineda arrive at two controlled buys. After his arrival, a dealer provided the cooperating witness with a large amount of drugs. Pineda was also observed using a key to enter and exit an apartment from which an eventual search yielded: large amounts of cocaine; approximately $2000 in cash; drug paraphernalia; and a loaded semiautomatic firearm. Some of the bills in the apartment had serial numbers matching those provided to the cooperating witness to make the final controlled buy.

On more than one occasion, officers observed Pineda driving a gray Chevrolet Malibu. It, along with vehicles driven by Pineda's co-conspirator and roommate, was registered to "Liborio Torres". After one controlled buy, officers observed Pineda pick up his co-conspirator, who appeared to be conducting counter-surveillance measures. The evidence reveals at least a tacit agreement to possess, with intent to distribute, cocaine existed between Pineda and his co-defendants, and that Pineda knew of, and voluntarily participated in, the conspiracy. *E.g.*, *United States v. Infante*, 404 F.3d 376, 385-86 (5th Cir. 2005). In considering the conspiracy evidence in the light most favorable to the verdict, a reasonable juror could conclude Pineda was guilty beyond a reasonable doubt. *E.g.*, *United States v. Mitchell*, 484 F.3d 762, 768-71 (5th Cir. 2007).

For Pineda's being convicted of possession of a firearm by an illegal alien, he neither challenges that the firearm was in and affecting interstate commerce

No. 12-40955

nor that he was in the United States illegally.   Instead, he claims the Government failed to prove he knowingly possessed the firearm.  *See* 18 U.S.C. § 922(g)(5) (unlawful for illegal alien to possess in or affecting commerce any firearm or ammunition).  Testimony revealed Pineda exercised dominion and control over the residence where the firearm was discovered by using his key to enter and exit the premises.  On the morning officers executed the search warrant for the apartment, Pineda was asleep in the bedroom, only steps away from the closet where the firearm was found.  The weapon was located in the same closet where officials discovered cash from the final controlled buy. Officers testified:  the weapon was in plain sight; it was loaded; and there were no impediments to anyone in the room grabbing the weapon.  Based on the evidence, a rational juror could reasonably conclude Pineda knowingly and constructively possessed the firearm, sufficient to support his conviction pursuant to 18 U.S.C. § 922(g)(5). *See, e.g.*, *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001).

For the final of the three convictions, Pineda's being convicted of possessing a weapon in furtherance of a drug-trafficking offense was supported, *inter alia*, by:  the firearm's being discovered loaded and on a shelf next to a box of ammunition and a large amount of cocaine; and its being found in the same closet where a large amount of cash was hidden. *E.g.*, *United States v. Nunez-Sanchez*, 478 F.3d 663, 669-70 (5th Cir. 2007); *United States v. Molinar-Apodaca*, 889 F.2d 1417, 1424 (5th Cir. 1989).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007).  In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings,

3

only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Pineda did not challenge in district court the two sentencing issues he raises here. Accordingly, review of each issue is only for plain error. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (failure to object at sentencing to reasonableness of sentence triggers plain-error review); *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012) (failure to raise claim that supervised release "ordinarily" should not be imposed when defendant is a deportable alien triggers plain-error review). For reversible plain error, Pineda must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so in either instance.

Regarding the belated challenge to the substantive reasonableness of his 99-month sentence, the district court considered the § 3553(a) sentencing factors, as well as Pineda's contentions in mitigation, and imposed a sentence within a properly-calculated advisory Guidelines sentencing range. *E.g.*, *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Pineda does not show the requisite clear or obvious error, such as by rebutting the presumption of reasonableness that attaches to his within-Guidelines sentence. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009); U.S.S.G. § 2K2.4(b) (Guideline sentence for conviction under 18 U.S.C. § 924(c) is minimum term of imprisonment required by statute). Along that line, his contending his sentence is not entitled to a presumption of reasonableness because the presumption is violative of *United States v. Booker*, 543 U.S. 220 (2005)*,* is foreclosed by *Rita v. United States*, 551 U.S. 338 (2007).

Pineda asserts his term of supervised release is procedurally unreasonable because the court neither informed him of its intent to depart from the advisory Guidelines, nor adequately explained its reasons for imposing supervised release, despite his status as a deportable alien. *See* U.S.S.G. § 5D1.1(c)

(supervised release should not *ordinarily* be imposed when, *inter alia*, defendant is a deportable alien likely to be deported after imprisonment).

Once again, Pineda fails to show the requisite clear or obvious error. Because the three-year term of supervised release imposed for the possession convictions was within the statutory and advisory Guidelines sentencing ranges for each offense, a departure analysis is not triggered. *See Dominguez-Alvarado*, 695 F.3d at 329; 18 U.S.C. § 3583(b)(1) & (2) (identifying authorized terms of supervised release); U.S.S.G. § 5D1.1(b) (permissible but not mandatory to order term of supervised release following imprisonment in cases other than those in subsection (a)); U.S.S.G. § 5D1.2(a)(1) (identifying for Class A or B felony length of supervised-release term when ordered).  Further, Guideline § 5D1.1(c) is not applicable to the term of supervised release imposed for Pineda's conspiracy conviction because the court was required by statute to impose a three-year term of supervised release.  21 U.S.C. § 841(b)(1)(C); § 5D1.1(c).  Moreover, the court cited adequate reasons for its imposing supervised release.  *E.g.*, *Dominguez-Alvarado*, 695 F.3d at 330.

AFFIRMED.