FILED

NOT FOR PUBLICATION

MAR 11 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50032 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03035-BTM-1 |
| v. | |
| ISAAC RODRIGUEZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted December 18, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Isaac Rodriguez-Lopez appeals from the district's court's judgment and challenges the three-year term of supervised release imposed following his conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rodriguez-Lopez contends that the district court procedurally erred by failing to provide any explanation for why it was imposing a term of supervised release and failing to explain why it was imposing supervised release despite U.S.S.G. § 5D1.1(c), which provides that courts "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Because Rodriguez-Lopez did not object in the district court, we review for plain error. *United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008). The district court provided a number of reasons for imposing a sentence of 51 months in prison and three years of supervised release, including a need for deterrence. Thus, there was no plain error. *See id.*; *see also United States v. Dominguez-Alvarado,* 695 F.3d 324, 329-30 (5th Cir. 2012) (holding that explanation for imposing term of supervised release was adequate where neither the parties nor the district court mentioned § 5D1.1 and the district court simply stated that it "gave the sentence after looking at the factors in 3553(a), to deter future criminal conduct, his particular background and characteristics"); *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012) (reviewing district court's explanation in *Dominguez-Alvarado* and approving of the Fifth Circuit's reasoning in that case).

Rodriguez-Lopez also challenges the term of supervised release as substantively unreasonable. We review the sentence under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not abuse its discretion. The term of supervised release is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including Rodriguez-Lopez's importation of a large quantity of methamphetamine, the district court's departure when imposing the term of imprisonment, and the resulting need to provide adequate deterrence. *See Gall*, 552 U.S. at 51; *Valdavinos-Torres,* 704 F.3d at 692-93; *see also* U.S.S.G. 5D1.1(c) cmt. n. 5 (providing that district court should consider imposing terms of supervised release on deportable alien if it determines that supervised release would provide added measure of deterrence).

**AFFIRMED**.