**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BLAS HUMBERTO GUTIERREZ-
LUJAN, a/k/a Able Gutierrez, a/k/a
Raudel Rodriguez,

Defendant-Appellant.

No. 13-1280
(D.Ct. No. 1:12-CR-00238-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.
_____

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

Blas Humberto Gutierrez-Lujan appeals his three-year term of supervised

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

release on grounds it is procedurally unreasonable under a plain error review. He claims the district court failed to address whether it would act as an adequate deterrent and erroneously believed it did not have authority under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5D1.1(c) to forgo imposing such supervised release. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm his sentence.

## I. Factual and Procedural Background

Mr. Gutierrez-Lujan, a Mexican citizen, pled guilty to being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). In his plea agreement, he and the government agreed the court could impose no more than three years of supervised release for the crime committed, as provided in U.S.S.G. § 5D1.2. They also stipulated that in committing the crime charged he sold three rifles, four magazines, and fifty-eight rounds of ammunition to undercover federal agents. In calculating his sentence, the probation officer applied a four-level enhancement to his offense level under U.S.S.G. § 2K2.1(b)(5) because Mr. Gutierrez-Lujan "engaged in the trafficking of firearms." The probation officer then determined his total offense level of 31, together with his criminal history category of I, resulted in a recommended advisory Guidelines range of 108 to 135 months imprisonment. However, because the maximum sentence for the crime charged is 120 months imprisonment, he adjusted the Guidelines range down to 108 to 120 months imprisonment. The probation officer advised that the

-2-

Guidelines term of supervised release was at least one year but not more than three years under § 5D1.2(a)(2) but also pointed out that pursuant to § 5D1.1(c), "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." He then recommended the district court impose a term of supervised release of one year for the purpose of monitoring any further illegal reentry by Mr. Gutierrez-Lujan based on the seriousness of his offense, his ties to the United States, and his previous deportation. Neither the government nor Mr. Gutierrez-Lujan formally objected to the presentence report.

At the sentencing hearing, the government requested a two-level downward departure for a revised Guidelines range of fifty-seven to seventy-one months and a recommended sentence of fifty-seven months incarceration, which Mr. Gutierrez-Lujan supported and the district court imposed. Before imposing the sentence, the district court explained the advisory nature of the Guidelines and its obligation to take into account the sentencing factors in 18 U.S.C. § 3553(a) in arriving at a sentence sufficient, but not greater than necessary, to accomplish its objectives. With respect to supervised release, the district court noted that because the Office of Immigration and Customs Enforcement placed a detainer on Mr. Gutierrez-Lujan, it was "likely that he will be deported" and further stated, in apparent reference to § 5D1.1(c):

Now, the problem is this case is not an illegal reentry case, it's a little different, so I don't think that guideline really applies. I think that a term of supervised release *should* be imposed ....

....

And it's likely that he will be deported .... [N]onetheless I think a period of supervised release is warranted. And so, really, the question is what it should be. Should it be one year, two years, three years?

R. Vol. 4 at 41-42 (emphasis added). The government responded by seeking a term of three years based on "the serious circumstances underlying the crime," stating:

Although the defendant ultimately pled guilty only to being an illegal alien in possession of a firearm, we're really dealing with the trafficking of firearms here as is noted by the four-level enhancement. And as the Court has pointed out, the amendment to the [G]uidelines related to supervised release is only related to the illegal reentry count of conviction, not to this count of conviction or to the underlying conduct that led us into court today.

So in order to adequately deter this defendant from illegally returning to the United States, committing new crimes here, and certainly from engaging in the conduct that led him into this federal courtroom, we would seek the full term of supervised release ....

R. Vol. 4 at 42-43. Thereafter, the district court imposed a three-year term of supervised release, and Mr. Gutierrez-Lujan made no contemporaneous objection to either the government's argument in support of a three-year term or the district court's imposition of such supervised release.

## II. Discussion

On appeal, Mr. Gutierrez-Lujan appeals the district court's imposition of a

-4-

three-year term of supervised release on grounds it is procedurally unreasonable under a plain error review. He bases this claim on grounds the district court: 1) failed to address whether "he would be adequately deterred" by "new prosecution" if he "returned to the United States"; and 2) erroneously believed it did not have authority under U.S.S.G. § 5D1.1(c) to forgo imposing supervised release.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. Mr. Gutierrez-Lujan is only contesting the procedural component regarding the calculation of his supervised release, which "addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). With regard to the explanation a district court provides, it must "'state in open court the reasons for its imposition of the particular sentence'" and satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v.*

*United States*, 551 U.S. 338, 356 (2007) (quoting 18 U.S.C. § 3553(c)). We have said this occurs when the sentencing court relied on a party's argument or reasoning in support of a particular sentence and no objection is raised. *See id.* at 356-57. In determining whether the district court properly applied the Guidelines in calculating the sentence, we review its legal conclusions de novo and its factual findings for clear error. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). However, in instances, like here, where objections to procedural reasonableness are not contemporaneously raised, we review them for plain error.[1] *Id.* at 1225-26.

In this case, Mr. Gutierrez-Lujan received a conviction under 18 U.S.C. § 922(g)(5) for unlawful possession by an illegal alien of firearms and ammunition punishable with imprisonment of not more than ten years and constituting a Class D felony. *See* 18 U.S.C. §§ 924(a)(2) and 3559(a)(4). If, as here, the statute violated does not expressly require a term of supervised release, a court may nevertheless include a term of supervised release as part of the sentence–which, for a Class D felony, is not more than three years. *See* 18 U.S.C. § 3583(a) and (b)(2). Similarly, under the Guidelines, the court "shall order a term of supervised release to follow imprisonment" when required by statute or

---

[1] Under our plain error review, Mr. Gutierrez-Lujan must demonstrate: 1) there is an error; 2) that is plain; 3) which affects his substantial rights; and 4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Ruby*, 706 F.3d at 1225-26.

when a sentence of imprisonment is more than one year. *See* U.S.S.G. § 5D1.1(a). However, as an exception, § 5D1.1(c) advises "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." One express reason not to follow this exception is provided in the commentary to § 5D1.1(c), which advises the court to consider imposing a term of supervised release if it "determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1 cmt. n.5. Similarly, in considering whether to include a term of supervised release, the court is also required to consider the factors set forth in § 3553(a), including whether it would act as a deterrent to future crimes. *See* 18 U.S.C. §§ 3553(a)(2)(B) and 3583(c).

In this case, a review of the record, including the sentencing transcript, reveals the district court reviewed the presentence report and was aware, as discussed therein, that § 5D1.1(c) states supervised release should not ordinarily be imposed when the defendant is a deportable alien who likely will be deported after imprisonment. However, the district court stated its belief a term of release "should" be imposed and was "warranted" even if it was "likely that he [would] be deported." Nowhere did the district court indicate its belief that the Guidelines are not advisory or that it must impose a term of supervised release, as now argued by Mr. Gutierrez-Lujan. As a result, we cannot say the district court acted

-7-

under the misguided belief it did not have authority under § 5D1.1(c) to forgo imposing supervised release. We also note the statement in subsection (c), that a court "ordinarily" should not impose a term of supervised release where the defendant is likely to be deported, is not mandatory, and the sentencing court may elect, as it did here, to impose a term of supervised release where it "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

As to the particular facts and circumstances in this case warranting supervised release, we agree with the district court that this is not a simple illegal reentry case, but it involves an illegal alien in possession of firearms where the underlying conduct involved the trafficking of multiple firearms and ammunition. It is apparent the district court, in imposing a three-year term of supervised release, relied on the government's argument such a term of supervised release was necessary for the purpose of adequately deterring Mr. Gutierrez-Lujan "from illegally returning to the United States, committing new crimes here, and certainly from engaging in the conduct that led him into this federal courtroom." A full reading of the transcript, together with the circumstances presented, clearly indicates the district court believed supervised release would deter Mr. Gutierrez-Lujan from engaging in future crimes, including the serious offense of trafficking firearms. Given Mr. Gutierrez-Lujan offered no objection or argument with

regard to either the government's recommendation for a three-year term or its argument in support of such a term, or even to imposition of a three-year term, the district court was not required, as Mr. Gutierrez-Lujan now contends, to provide any further explanation as to whether he would be adequately deterred by the prospect of further prosecution if he returned to the United States. Because it is evident the district court relied on the government's reasoning of deterrence for the imposition of a three-year term of supervised release, we are able to afford meaningful review, and deterrence is a sufficient reason under both 18 U.S.C. § 3553(a)(2)(B) and the commentary to U.S.S.G. § 5D1.1(c) for imposition of such a term of supervised release.

For these reasons, we cannot say the district court committed an error, plain or otherwise, in imposing a three-year term of supervised release. However, even if we concluded an error occurred with respect to the district court's explanation of why a three-year term of supervised release was warranted or whether the § 5D1.1(c) exception applied, Mr. Gutierrez-Lujan has not shown such an error affected the outcome of the proceedings or that there is a strong possibility he would have received a significantly lower sentence absent such an error. In other words, nothing in the record or presented by Mr. Gutierrez-Lujan persuades us he would have received a lesser term of supervised release, or even no term of supervised release, if the district court had expressly acknowledged its authority to forego supervised release under § 5D1.1(c) or provided a more thorough

explanation of the deterrent effect of such supervised release.

### III.  Conclusion

Accordingly, we **AFFIRM** Mr. Gutierrez-Lujan's three-year term of supervised release.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge