**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW MARSHALL,

Defendant - Appellant.

No. 15-4102
(D.C. No. 2:14-CR-00330-DS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

After Andrew Marshall pleaded guilty to using a controlled substance while in possession of a firearm and ammunition, the district court sentenced him to two years in prison and ordered him to abide special supervised release conditions after finishing his prison term. Some of these conditions prohibited him from affiliating with known gangs. Others restricted his ability to live in a home with a surveillance system. In this appeal, Mr. Marshall asks us to revisit the propriety of both sets of conditions.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Marshall begins by pointing out that Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires the district court to rule on a defendant's challenge to the accuracy of facts asserted in a presentence report. And Mr. Marshall argues that the district court failed its Rule 32 obligations twice, first by failing to rule on his challenge to the presentence report's discussion of his history of gang ties, and second by failing to rule on his challenge to his pretrial release report's discussion of the recent installation of surveillance equipment at the home where he lived.

The trouble for Mr. Marshall isn't his legal premise but his factual one. The record reveals that in neither instance did he challenge the accuracy of the *facts* stated in the reports. Indeed, the presentence report's discussion about his gang ties came from Mr. Marshall himself, and there seems no dispute that surveillance equipment was indeed recently installed at his home. What Mr. Marshall *did* argue to the district court was that these facts should be given little weight. And while the district court has certain duties imposed by other laws to explain its sentencing decision in light of the given facts (one such duty we will encounter at the end of this opinion), Rule 32 simply does not speak to that question but to the antecedent question of deciding disputes over the facts that feed into the ultimate sentencing decision. *See United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006).

When it comes to the substance of the district court's ultimate sentencing decision, Mr. Marshall argues that the district court abused its discretion by imposing the gang and surveillance system special conditions. He notes that under 18 U.S.C. § 3583(d), a district court "may order . . . [a special condition of release] to the extent" it is "reasonably related" to any one of certain 18 U.S.C. § 3553(a) factors, including the character of the defendant and the need to protect the public from further crime. And, he says, the conditions the court imposed fail to satisfy that standard.

We discern no abuse of discretion here. Take the gang conditions first. Mr. Marshall argues that his admitted gang affiliations ended over a decade before the charges in this case and so cannot be "reasonably related" to any relevant § 3553(a) factors today. But the record reveals that while *some* of Mr. Marshall's gang affiliations are as old as he suggests, others are not: only months before his arrest in this case he was arrested for drug dealing and admitted then that he still had "cartel connections." Neither does he attempt to suggest that this recent gang connection lacks a "reasonabl[e] relat[ion]" to the relevant statutory sentencing factors.

When it comes to the surveillance system special condition, Mr. Marshall suggests it is not reasonably related to any § 3553(a) factor because the system was only installed by his mother and only in response to vandalism after his arrest in this case. The difficulty, though, is that courts across the country have

recognized a link between drug dealing and the use of surveillance systems and Mr. Marshall does not dispute this link as a general matter. *See, e.g.*, *United States v. Perry*, 560 F.3d 246, 255 (4th Cir. 2009); *United States v. Webster*, 775 F.3d 897, 906 (7th Cir. 2015); *United States v. Schwarck*, 719 F.3d 921, 923 (8th Cir. 2013). Neither does he dispute that he has a long history of addiction that includes a recent drug dealing conviction and failed drug tests between his arrest and sentencing in this case. Or that, even if the impetus for installing the system was unrelated to Mr. Marshall's drug problems, it could still facilitate a return to drug dealing after his prison term by permitting him advance warning of unwanted visitors like, say, the police. Under these circumstances, we cannot agree that the district court abused its discretion when determining that the condition was reasonably related to the need to protect the public or to specifics of Mr. Marshall's character.

Finally and returning to the adequacy of the district court's explanations as opposed to the substance of its decision, Mr. Marshall argues that the district court failed to explain sufficiently the basis for its decision to impose its supervised release conditions. And he points out that this court has said that, after deciding disputes over the relevant facts, a district court imposing special supervised release conditions usually must provide an "individualized assessment" explaining why it thinks them appropriate. *United States v. Martinez-Torres*, 795 F.3d 1233, 1238 (10th Cir. 2015). But even assuming that

the district court's explanations in this case failed to meet this standard, we can easily tell from the narrow and clear record before us the reasons why the court ordered the gang and surveillance equipment conditions, reasons indeed we have already set forth. Neither does this court reverse to cure potentially deficient explanations where, as here, we can be certain of them from the record at hand. *See* 28 U.S.C § 2111; Fed. R. Crim. P. 52(a); *Martinez-Torres*, 795 F.3d at 1238, 1241 (examining whether the record justified the imposition of special conditions in the absence of an adequate individualized assessment); *United States v. Gutierrez-Lujan*, 566 F. App'x 696, 700 (10th Cir. 2014).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge