# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40454

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FREDY ORLANDO BORJAS-RAMOS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1787

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

A federal grand jury indicted Defendant–Appellant Fredy Orlando Borjas-Ramos for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b) on November 25, 2014. Borjas-Ramos pleaded guilty without a plea agreement. A presentence investigation report (PSR) was prepared using the 2014 edition of the United States Sentencing Guidelines, and the district court concluded that the relevant Guidelines range for Borjas-Ramos

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40454

was 46–57 months.  Borjas-Ramos objected to the PSR and requested a downward departure, but he did not object at the sentencing hearing to the sentence imposed by the district court.

Borjas-Ramos timely appealed, and we review the district court's sentencing decision "for reasonableness." *United States v. Anderson*, 559 F.3d 348, 354 (5th Cir. 2009).  Because Borjas-Ramos failed to properly object at sentencing, our review is for plain error.  *United States v. Dominguez–Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012).  This court finds plain error when: (1) there is error; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Cedillo–Narvaez*, 761 F.3d 397, 401–02 (5th Cir.) *cert. denied*, 135 S. Ct. 764 (2014); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).

"[W]hen a sentencing judge imposes a properly calculated Guidelines sentence, '[this court] will give great deference to that sentence.'" *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (quoting *Mares*, 402 F.3d at 520).  Borjas-Ramos has failed to show that the district court committed any reversible error.  Therefore, he cannot satisfy the first two prongs of plain error review.  Because Borjas-Ramos has shown no plain error, the judgment of the district court is AFFIRMED.