# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-10599
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFREDO CARCAMO,

Defendant - Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-1-1

————

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2016

Lyle W. Cayce
Clerk

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfredo Carcamo pleaded guilty in 2015 to illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(1)/(2). He was sentenced to 40 months' imprisonment, and a three-year term of supervised release.

Carcamo challenges his supervised-release term, contending the record does not show that punishment will provide an added measure of protection and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10599

deterrence, and the court did not adequately explain its reasoning. *See* U.S.S.G. § 5D1.1(c), cmt. n.5.

Carcamo did not present this assertion to the district court, nor did he make any objection regarding supervised release at the sentencing hearing; therefore, review is only for plain error. *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). In that regard, Carcamo must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Contrary to Carcamo's assertion, the court stated supervised release was particularly necessary to provide deterrence and protection, because Carcamo "indicated he wishes to remain in the United States and may . . . seek political asylum". Imposing supervised-release pursuant to these concerns does not constitute the requisite clear or obvious error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

Next, as Carcamo concedes, his claim that the court plainly erred by determining his prior state conviction (attempted rape in the second degree of a minor) was a crime of violence for Guideline § 2L1.2 purposes because it required only a three-year age difference between the victim and perpetrator, is foreclosed by our precedent. He raises the issue only to preserve it for possible further review. *United States v. Rodriguez*, 711 F.3d 541, 562 & n.28 (5th Cir. 2013) (en banc). His contention that the state offense is not an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2), pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 2557–58, 2563 (2015), is unavailing, because sexual abuse of a minor is listed in 8 U.S.C. § 1101(a)(43)(A).

AFFIRMED.